IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02390-CYC

ENDREIBER JOSEP GUTIERREZ-LANAZABAL,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Detention Facility, in his official capacity;
DAVID J. VENTURELLA[1], Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; in his official capacity; and
TODD BLANCHE, Acting Attorney General of the United States, in his official capacity,

     Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Endreiber Josep Gutierrez-Landazabal, a detainee at the Aurora ICE Processing Center in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court grants in part the Petition.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is automatically substituted for Todd Lyons as the Acting Director of U.S. Immigration and Customs Enforcement.

1

**BACKGROUND**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Among other things, the petitioner seeks release or, in the alternative, a bond hearing before an immigration judge at which the United States bears the burden of proof. ECF No. 1 at 16–17.

The petitioner, a citizen of Venezuela, has lived in the United States since he entered the country on August 8, 2023. ECF No. 1 ¶ 25. He was quickly taken into custody by U.S. Customs and Border Patrol ("CBP") officials and shortly thereafter placed in removal proceedings and released on his own recognizance under CBP's discretionary § 1226(a) authority. *Id.* ¶ 26; ECF No. 1-1 at 7–11.  Among the conditions of his release, the petitioner was required not to "violate any local, state or federal laws…" ECF No. 1 ¶ 26.e.; ECF No. 1-1 at 7. The petitioner "has pending criminal charges following a domestic violence incident with his wife for which he has not been found guilty, and his wife refused to press charges." ECF No. 1 ¶ 29.

Following his arrest on domestic violence charges, the petitioner was taken into immigration custody on April 20, 2026 after he was arrested by U.S. Immigration and Customs Enforcement ("ICE") during a traffic stop. *Id.* ¶ 4. He was transported to the Aurora ICE

2

Processing Center and has been detained there since. *Id.* ¶ 5. The petitioner argues that he is entitled to release or a bond hearing under 8 U.S.C. § 1226. *Id.* ¶¶ 60–65. The respondents do not offer any evidence that the petitioner has criminal history that requires mandatory detention under 8 U.S.C. § 1226(c). In fact, they do not make any legal argument but simply "maintain that Petitioner's detention is lawful and do not concede that it is unlawful." ECF No. 9 at 1.

### ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 ¶¶ 31–65. The Court has previously resolved this legal question in favor of similarly situated petitioners. *See, e.g., Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents filed only a one-paragraph response stating that they "maintain that Petitioner's detention is lawful and do not concede that it is unlawful," but "recognize that the Court may . . . decide to grant the Petition and award appropriate relief." ECF No. 9 at 1.

The Court remains firmly convinced that it and other judges in the District who have issued decisions that are in agreement with this Court's prior rulings have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. The Court is aware of decisions from the Fifth and Eighth Circuits, as well as this District, reaching the opposite conclusion, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026), *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), *Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026), but finds that Judge Sweeney's thorough rebuttal of *Buenrostro* provides a solid foundation to continue to adhere to the weight of authority in this District, as *Avila* and *Singh* rely on much the same reasoning and are non-binding. *See Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1250–54 (D. Colo. 2026). Furthermore, decisions recently issued by the Second, Sixth, and Eleventh Circuits support this Court's prior analyses and conclusions on the question before the Court in this case: namely, whether the petitioner is detained under § 1225(b) or § 1226(a). *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Detention Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). Regardless, until the Tenth Circuit rules on this issue, this Court's prior rulings on the identical legal issue dictate the same result here. Having reviewed all of the relevant authority, the Court finds no reason to reverse itself.

Accordingly, the Court finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention without a bond hearing is therefore a violation of due process.

Turning to the question of the appropriate relief, the petitioner is entitled to a bond hearing before an immigration judge. Although the petitioner was initially released on conditions

4

under § 1226(a), there is at least some evidence that he may have violated one of those conditions when he was arrested on domestic violence charges. While those charges are still pending, and the alleged victim, his wife, states that she does not want to press charges, ECF No. 1 ¶ 29, ECF No. 1-1 at 2, the arrest constitutes a possible change in circumstances. *See, e.g.*, *Gadea Duarte v. Warden*, No. 2:26-cv-1100-DC-CKD P, 2026 WL 1694080, at *2 (E.D. Cal. Jun. 11, 2026) (finding that a non-citizen redetained by ICE after being charged with misdemeanor assault was entitled to post-deprivation bond hearing but not immediate release); *Tinoco-Potosme v. English*, No. 3:26-CV-362-CCB-SJF, 2026 WL 1162697, at *2 & n. 4 (N.D. Ind. Apr. 29, 2026) (similar); *cf. Singh*, 819 F. Supp. 3d at 1250 (ordering release for redetained noncitizen where there was no change in circumstances affecting ICE's initial determination to release him); *Yuffra Giron v. Baltazar*, No. 26-cv-02186-CYC, 2026 WL 1661375 (D. Colo. Jun. 8, 2026) (same). While the petitioner argues that release is the appropriate remedy, he acknowledges the possibility of this alternative relief. ECF No. 1 at 17.

Given that the Court has concluded that § 1226(a) governs his detention and that, under the circumstances of this case, the appropriate relief is a bond hearing before an immigration judge, the Court will order that such a hearing be held within seven days of this order. The Court agrees with the petitioner that the government must bear the burden of proof at the bond hearing. *Id*. For the reasons articulated in *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *1–5 (D. Colo. May 12, 2026), at the bond hearing, the government will bear the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 19. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A);

(3) the respondents shall file a status report within **seven days** of the petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial; and

(4) if the petitioner believes he has a good faith basis to file a petition requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file his petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B); *see Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that a court may award fees under the EAJA in habeas actions challenging immigration detention); *Morales Lopez v. Baltazar*, No. 25-cv-03078-WJM-KAS, 2026 WL 1492602 (D. Colo. May 28, 2026) (granting in part motion for EAJA fees and costs), that complies with the Local Rules of this District. *See* D.C.COLO.LCivR 54.3.

Entered and dated this 26th day of June, 2026, at Denver, Colorado.


BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

7