IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02390-CYC

ENDREIBER JOSEP GUTIERREZ LANDAZABAL,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Detention Facility, in his official capacity;
DAVID J. VENTURELLA[1], Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; and
TODD BLANCHE, Attorney General of the United States, in his official capacity,

Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Endreiber Josep Guteirrez-Lanazabal moves to enforce the Court's prior order granting his petition for habeas corpus in part. ECF No. 15. He claims that the bond hearing he received was deficient and he seeks an order requiring his immediate release from detention or, alternatively, a new bond hearing. For the reasons that follow, his motion is **GRANTED** to the extent that he shall be provided a new bond hearing.

## BACKGROUND

The petitioner, a noncitizen in removal proceedings, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Aurora Detention Facility. On June 26, 2026, the Court granted his habeas petition in part, finding that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) was unlawful, and ordering that the respondents provide him

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is automatically substituted for Todd Lyons as the Acting Director of U.S. Immigration and Customs Enforcement.

with a bond hearing pursuant to 8 U.S.C. § 1226(a) before an Immigration Judge ("IJ"). ECF No. 11 at 5. The Court further ordered that, in order to maintain detention, the Department of Homeland Security ("DHS") would bear the burden of proving that the petitioner is a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence. *Id.* at 3–4.

The petitioner had a bond hearing before IJ Masters. ECF No. 15 at 2. Prior to the hearing, DHS submitted the petitioner's Form I-213, which indicated that, on March 7, 2026, he was arrested and "charged with 2nd Degree assault with a domestic violence enhancer." ECF No. 15-2 at 3. In fact, the petitioner was charged with third degree assault, C.R.S. § 18-3-204(1)(a), and preventing another from using a communication device, C.R.S. § 18-9-306.5, both misdemeanors. ECF No. 15-4 at 1. The charges, which involved an alleged incident with his pregnant wife, have since been dismissed. ECF No. 15-5.

DHS also submitted the petitioner's Form I-589 application for fear-based relief from removal. ECF No. 15-2 at 6–18. The petitioner filed his own 43-page evidence packet in support of his release, including his work permit, marriage license, tax returns, and letters from his family and friends. ECF No. 15-1. The hearing itself consisted of a proffer of evidence from both sides but no testimony. ECF No. 15 at 6 n.3.

In a four-page written memorandum, the IJ denied bond or release on conditions. *See* ECF No. 15-3. Relying on the I-213, the IJ incorrectly stated that the petitioner was charged with assault in the second degree, C.R.S. § 18-3-203, which "involves intentionally or recklessly causing injury to another by means of a deadly weapon." ECF No. 15-3 at 2–3. She concluded that the petitioner's "disregard of the law and the community's safety coupled with the inherently deadly consequences of allegedly assaulting a pregnant woman render his recent arrest severe enough that the DHS has shown by clear and convincing evidence that

the [petitioner] is a danger to community." *Id.* at 3. She also found that the petitioner was "a risk of flight by a preponderance of the evidence" because: (1) his sponsor was his wife, "the alleged victim of felony assault while pregnant," (2) his submission did "not contain any statements from his prior employers or evidence of continued employment should he be released from detention," and (3) based on the I-589, his prospects for relief from removal were "speculative." *Id.* at 3–4. Although the IJ stated that "no amount of bond or combination of conditions could mitigate" the petitioner's flight risk, she did not expressly consider any alternative release conditions. *Id.* at 4.

The petitioner subsequently moved this Court for an order enforcing the habeas order. ECF No. 15.

## ANALYSIS

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821)). Accordingly, courts in this district and throughout the country have found that they retain jurisdiction to ensure that their orders directing bond hearings in immigration proceedings are followed faithfully. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026); *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 2137800, at *2 (D. Colo. July 23, 2026); *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *1–2 (D. Colo. May 15, 2026); *Bayani v. LaRose*, No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 123 (D.R.I. 2025). Respondents do not contend otherwise. *See* ECF No. 16 at 2. They also correctly do not argue that the petitioner must first exhaust his administrative remedies by appealing the bond denial to the BIA. *See, e.g., Rivera*, 2026 WL 2137800, at

*2; *Garcia*, 817 F. Supp. 3d at 125–26; *Bayani*, 2026 WL 1270059, at *3–5.

At the same time, a district court's review is constrained by 8 U.S.C. § 1226(e), which precludes judicial review of "any action or decision by the Attorney General under [§ 1226(a)] regarding the detention of any alien[.]" Thus, courts may "assess[] whether the IJ applied the legal standard prescribed by [the court] and otherwise followed the [c]ourt's directives," but they may not engage in a reweighing of the evidence. *Mejia*, 2026 WL 1361514, at *2 (quoting *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)). In other words, while courts can and "must independently review the IJ bond proceedings and whether the burden of proof [the IJ] used comported with due process," *Mendoza Hernandez v. Baltazar*, No. 26-cv-3652-WJM, 2026 WL 2453685, at *3 (D. Colo. Aug. 21, 2026) (quotation marks and citation omitted), "[they] do[ ] not substitute [their] own discretionary determination for the one made by the IJ." *Perez Serrano v. Hagan*, No. 26-cv-01641-CNS, 2026 WL 1396534, at *4 (D. Colo. May 19, 2026).

In the instant matter, the petitioner is entitled to a new bond hearing. First, the IJ's conclusion that DHS proved the petitioner's dangerousness by clear and convincing evidence relies on an inaccurate assessment of the facts, which cannot carry that burden. Clear and convincing evidence "requires a high degree of probability." *Glasscock v. Utah*, No. 4:18-CV-4-DN, 2021 WL 1169862, at *6 (D. Utah Mar. 26, 2021) (quotation marks and citation omitted). It is "that degree of proof, though not necessarily conclusive, which will produce in the mind of the trier of fact a firm belief or conviction." *Matter of Patel*, 19 I. & N. Dec. 774, 783 (1988) (quotation marks and citation omitted). Here, the IJ's conclusion was based on the I-213's notation that the petitioner was arrested for second degree assault, a violent felony. ECF No. 15-3 at 3. But that was inaccurate, as the petitioner was only charged with

misdemeanor offenses. Moreover, aside from this inaccurate reference to the petitioner's charges, there was no information in the I-213 regarding this alleged incident, such as a description of the underlying conduct. The IJ's assumption that the petitioner "intentionally or recklessly caus[ed] injury to another by means of a deadly weapon" was based on her misunderstanding of the charges, not reliable information. *Id.* And critically, the charges were later dismissed.

While an IJ "has broad discretion to consider evidence relevant to dangerousness, including evidence of unfavorable conduct and alleged criminal activity," in the absence of a conviction, "an IJ must carefully scrutinize 'evidence of criminality.'" *Fuentes Reyes v. Wolf*, 2:19-cv-02086-GMN-EJY, 2020 WL 2308075, at *7 (D. Nev. May 8, 2020) (quoting *Matter of Thomas*, 21 I. & N. Dec. 20, 24 (BIA 1995)). Here, such careful scrutiny was absent because, apart from the uncorroborated and incorrect charge listed in the I-213, there was no evidence of criminality in the record for the IJ to consider. The petitioner apparently acknowledged that he was arrested for an incident involving his pregnant wife, ECF No. 15-3 at 3, but there is no indication that he admitted any criminal conduct or other wrongdoing. Resting a dangerousness finding "entirely on an arrest that was never adjudicated," the nature of which was misstated in the IJ's conclusion, and for which no other information is available, cannot satisfy the clear and convincing standard as a matter of law. *Cesvette v. Moniz*, No. 26-CV-12662-AK, 2026 WL 2494666, at *3 (D. Mass. Aug. 25, 2026); *see also España v. Nessinger*, No. 26-cv-014-JJM-PAS, --- F. Supp. 3d ----, 2026 WL 821788, at *13 (D.R.I. Mar. 25, 2026); *Mendoza Hernandez v. Baltazar*, No. 26-cv-3652-WJM, 2026 WL 2453685, at *5 (D. Colo. Aug. 21, 2026).

Second, the petitioner is also entitled to a new bond hearing because the IJ's conclusion that he poses a risk of flight is based, at least in part, on the same unsound

foundation. Specifically, the IJ discounted the petitioner's evidence of his wife's sponsorship because she was the alleged victim of a felony assault that was subsequently dismissed, and about which the IJ had no other information. ECF No. 15-3 at 3. While the IJ provided other reasons for finding that the petitioner was a flight risk, "[t]he Court cannot forecast how [she] would have exercised [her] discretion, had [the petitioner] received the process he was due." *Yao v. Almodovar*, 813 F. Supp. 3d 461, 476 (S.D.N.Y. 2025); *see also Vasquez Perez v. Lyons*, No. 26-3102-JWL, 2026 WL 1780563, at *2 (D. Kan. June 22, 2026) (ordering a new bond hearing because "it cannot be determined whether the IJ's decision would have been the same if he had not considered an improper factor in his analysis"). It is plausible that, absent this consideration, the IJ would not have determined that "no amount of bond or combination of conditions" could mitigate his risk of flight. ECF No. 15-3 at 4.

Turning to the appropriate relief, some courts have ordered a second bond hearing employing the constitutionally required standards. *See, e.g., Bayani*, 2026 WL 1270059, at *8; *Vasquez Perez* , 2026 WL 1780563, at *3; *Segura v. Bondi*, 1:26-cv-304 (LMB/WEF), 2026 WL 688862, at *7 (E.D. Va. Mar. 11, 2026). Others have concluded that release is the appropriate remedy. *See, e.g.*, *Guzman Torres*, 2026 WL 2267182, at *2; *Quiroz Zacarias*, 2026 WL 1092162, at *5; *Mejia*, 2026 WL 1361514, at *4–5. "Upon review of the record and considering all the circumstances of this case," *Mejia*, 2026 WL 1361514, at *5, the respondents will be ordered to provide the petitioner another, constitutionally compliant bond hearing before a different IJ **no later than September 30, 2026** or else release the petitioner on reasonable conditions. *Vasquez Perez*, 2026 WL 1780563, at *3; *Segura*, 2026 WL 688862, at *1. At that hearing, the respondents will continue to bear the burden of proof to maintain detention. The respondents must prove that the petitioner is a danger by clear and convincing evidence or a flight risk by a preponderance of the evidence. The IJ "may not

give undue weight to allegations underlying dismissed [ ] charges" absent additional evidence of criminal conduct. *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. July 16, 2024). Furthermore, the IJ "is required to meaningfully consider alternatives to imprisonment such as community-based alternatives to detention including conditional release, parole, as well as Petitioner's ability to pay a bond," and such consideration should be reflected in the oral and/or written bond order. *Id.*; *see also Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017); *Black v. Decker*, 103 F.4th 133, 158 (2d Cir. 2024).

**ORDER**

1. The Petitioner's Motion to Enforce the Court's Order and for Immediate Release, ECF No. 15, is **GRANTED** in part.

2. On or before **September 30, 2026**, the respondents shall provide the petitioner with a second bond hearing before a different Immigration Judge or else **release** the petitioner on reasonable conditions.

3. At the bond hearing, the respondents **shall** bear the burden of proof to maintain detention. To maintain the petitioner's detention, the respondents must prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence.

4. The Immigration Judge **shall** meaningfully consider alternatives to detention and, if bond is set, the petitioner's ability to pay a bond. Any bond order **shall** reflect such meaningful consideration.

5. On or before **October 2, 2026**, the respondents shall file a status report updating the Court as to the outcome of the bond hearing.

Entered and dated this 23rd day of September, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge